CARLETON L. BRIGGS, SBN 117361
Law Offices of Carleton L. Briggs
740 Fourth Street, Suite 202
Santa Rosa, CA 95404-4421
Telephone: (707) 523-2251
Facsimile: (707) 523-2253
E-mail: clbriggs@sonic.net

Attorneys for Plaintiff
George Barich

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE BARICH**, <br><br> Plaintiff, <br><br> vs. <br><br> **CITY OF COTATI**, and **MICHAEL PARISH**, <br><br> Defendants. | Case No. 3:15-cv-00350 <br><br> **COMPLAINT FOR** <br> – Violation of Civil Rights <br> – *Monell* claim <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff George Barich, by and through his undersigned attorneys, hereby brings this action under 42 U.S.C. § 1983 and common law against defendants City of Cotati and Police Chief Michael Parish to redress his civil and legal rights as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff seeks relief under the Civil Rights Act of 1871, as amended, codified in 42 U.S.C. § 1983, for violation of his rights secured by the United States Constitution, including the First and Fourteenth Amendments, and by the laws and Constitution of the State of California.

2. Plaintiff seeks compensatory and exemplary damages, injunctive relief, an award of costs, attorney fees, and such other and further relief as this Court deems just

and proper.

## JURISDICTION AND VENUE

3. This action is brought under 42 U.S.C. §§ 1983 and 1988. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's supplemental jurisdiction, under 28 U.S.C. § 1367, over any and all state law claims and as against all parties so related to claims in this action within this Court's original jurisdiction that they form part of the same case or controversy.

5. Venue in this district is proper in the Northern District of California under 28 U.S.C. § 1391(b) and (c) in that defendant City of Cotati is administratively located within this district, and the events giving rise to this claim occurred within the Northern District.

## PARTIES

6. Plaintiff George Barich is, and at all times mentioned in this complaint was, a citizen of the United States, residing in the City of Cotati, County of Sonoma, State of California.

7. At all relevant times, defendant City of Cotati was a municipal entity created and authorized under the laws of the State of California. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement. Defendant City of Cotati was at all relevant times the public employer of defendant Michael Parish.

8. At all relevant times, defendant Michael Parish was a duly appointed and acting officer, servant, employee, and agent of the City of Cotati Police Department, a municipal agency of defendant City of Cotati.

9. At all relevant times, defendant Michael Parish was acting under color of the laws, statutes, ordinances, regulations, policies, customs, and/or usages of the State of California and the Cotati Police Department, in the course and scope of his duties and function as an officer, agent, servant, and employee of defendant City of Cotati, was acting for, and on behalf of, and with the power and authority vested in him by the City of Cotati and the Cotati Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. He is sued in his individual and official capacities.

## NOTICE OF CLAIM

10. Plaintiff timely filed a Government Tort Claim with the City of Cotati, setting forth the facts underlying plaintiff's claims against the City of Cotati and Chief of Police Michael Parish.

11. The City of Cotati rejected plaintiff's claim on July 28, 2014, and no compensation has been offered by defendant City of Cotati in response to plaintiff's claim.

12. This action has been commenced within six months of the rejection of plaintiff's claim.

## FACTS

13. On April 22, 2014, plaintiff George Barich, a citizen of the City of Cotati, attended and spoke at a City Council Meeting that took place at the City Council Chamber, located at 201 West Sierra Avenue in Cotati, California.

14. Immediately following the adjournment of the council meeting, plaintiff stood up and began to exit the council chambers. As he walked past planning commissioner Neil Hancock, plaintiff called Hancock a liar. Hancock responded that plaintiff was a liar, and plaintiff again noted that Hancock was the liar.

15. During this exchange, defendant Michael Parish was present in the council chamber, seated nearby, and witnessed the verbal exchange between Hancock and plaintiff.

16. Plaintiff continued to make his way toward the front doors to exit the building. Chief Parish called out to him, "George, hold it!" and plaintiff stopped as he was directed.

17. Chief Parish ordered plaintiff to go outside, and plaintiff complied, although his desire was to continue on his way home.

18. While Parish was detaining plaintiff at the front of the building, Parish first threatened to arrest plaintiff if he was recording him.

19. Parish then threatened to arrest plaintiff for calling Hancock a liar. Parish also warned plaintiff that if he ever called anyone a liar during or after a city council meeting, he would have plaintiff arrested. Parish then twice asked plaintiff if he had made himself clear, and demanded an answer from plaintiff to this question.

20. Parish's unlawful threats to arrest plaintiff were not constitutionally protected speech on an issue of public interest. Parish does not have a First Amendment right to arrest, or threaten to arrest, a citizen without probable cause and in retaliation for that citizen's expressing criticism of government and/or in retaliation for gathering information about what public officials do on public property and recording matters of public interest.

21. Parish's unlawful threats to arrest plaintiff were motivated by, and directly related to, plaintiff's exercise of his right to freedom of speech and right to redress his grievances with the government.

22. At the next City Council Meeting, on May 11, 2014, plaintiff raised the issue of Parish's detaining him and threatening to arrest him if he ever called another council member a liar. Neither Parish nor the council members addressed plaintiff's concerns.

# FIRST CAUSE OF ACTION
# VIOLATION OF RIGHT TO FREEDOM OF SPEECH
### (Against Police Chief Michael Parish)

23. Paragraphs 1–22 are part of this claim.

24. By his conduct, as described herein, and acting under color of state law to deprive plaintiff of his right to freedom of speech, assembly, and association under the First and Fourteenth Amendments, Chief Parish is liable for violation of 42 U.S.C. § 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

25. Chief Parish has violated plaintiff's First Amendment rights to assembly, speech, and association by repeatedly threatening to arrest plaintiff in retaliation for plaintiff's exercise of his free speech and by disparaging him in the press in retaliation for his exercise of his right to free speech. Chief Parish's actions were taken in direct retaliation for plaintiff's exercising his First Amendment rights.

26. As a consequence of Chief Parish's actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech, assembly, and association. Plaintiff fears that he will be subject to similar unlawful acts by Chief Parish or other members of the Cotati Police Department done to limit and prevent his First Amendment protected activities.

27. As a proximate result of Chief Parish's unlawful actions, plaintiff has suffered damages including physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

# SECOND CAUSE OF ACTION
# *MONELL* CLAIM
### (Against City of Cotati)

28. Paragraphs 1–27 are part of this claim.

29. All of the acts and omissions by Police Chief Parish described above were carried out under policies and practices of defendant City of Cotati that existed at the time of the conduct alleged, and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of defendant City of Cotati and its agency, the City of Cotati Police Department.

30. Defendant City of Cotati, by its policy-making agents, servants, and employees, authorized, sanctioned and/or ratified Parish's wrongful acts; and/or failed to prevent or stop those acts; and/or allowed or encouraged those acts to continue.

31. The acts complained of were carried out by Parish in his capacity as Police Chief under the customs, policies, usages, practices, procedures, and rules of defendant City of Cotati and the Cotati Police Department, and as the highest ranking officer of the City of Cotati Police Department.

32. The aforementioned customs, practices, procedures, and rules of defendant City of Cotati and the Cotati Police Department include, but are not limited to: (1) arresting or threatening to arrest citizens in retaliation for the content of their speech in public and semi-public forums; and (2) arresting or threatening to arrest citizens in retaliation for exercising their right to record police activity.

33. The existence of these unlawful de facto policies and/or well-settled and widespread customs and practices is known to, encouraged, and/or condoned by supervisory and policy-making officials of defendant City of Cotati and the Cotati Police Department, including Parish.

34. The constitutional violations by the City of Cotati, through the actions of the Cotati Police Department and Police Chief Parish, were proximately caused by the policies, practices, and/or customs developed, implemented, enforced, encouraged, and sanctioned by defendant City of Cotati, including the failure to: (1) adequately supervise and train its officers and agents, including Chief Parish, thereby failing to adequately discourage constitutional violations on the part of its officers and agents; and (2) properly

monitor and discipline its officers, including Chief Parish.

35. Defendants' unlawful actions were done willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights under the First and Fourteenth Amendments to the U.S. Constitution.

36. Defendants have acted with deliberate indifference to plaintiff's constitutional rights. As a proximate result of these acts, plaintiff's constitutional rights have been violated, which caused him to suffer physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

37. Plaintiff has no adequate remedy at law and will suffer serious irreparable harm to his constitutional rights unless defendants are enjoined from continuing their unlawful practices, policies, and/or customs that have proximately caused these abuses to occur.

## PRAYER

WHEREFORE, plaintiff George Barich prays judgment as follows:

1. An injunction enjoining defendants from engaging in conduct to unlawfully disrupt, disperse, interfere with, or prevent the lawful First Amendment activities described herein;

2. An award of compensatory damages;

3. An award of exemplary damages;

4. An award of attorney fees under 42 U.S.C. § 1988;

5. An award of costs of suit under 42 U.S.C. §§ 1920 and 1988; and

6. For other such other and further relief as the Court deems appropriate and just.

Dated: January 24, 2015                    Law Offices of Carleton L. Briggs

/s/ Carleton L. Briggs
CARLETON L. BRIGGS
Attorney for Plaintiff George Barich

# DEMAND FOR JURY TRIAL

Plaintiff George Barich hereby demands a jury trial.

                                              Respectfully submitted,

Dated: January 24, 2015            Law Offices of Carleton L. Briggs

                                              /s/ Carleton L. Briggs
                                              CARLETON L. BRIGGS
                                              Attorney for Plaintiff George Barich