UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE EDWARD BARICH,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF COTATI, et al.,<br><br>    Defendants. | Case No. 15-cv-00350-VC<br><br>**NOTICE THAT THE COURT IS CONSIDERING SUA SPONTE SUMMARY JUDGMENT** |

Defendants are hereby given notice that the Court is considering whether to enter *sua sponte* summary judgment in Barich's favor on his claim that Chief Parish violated his First Amendment rights by threatening to arrest him for calling the planning commissioner a "liar" after the city council meeting. *See* Fed. R. Civ. P. 56(f); *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014).

It appears undisputed that Chief Parish threatened Barich merely for engaging in "heated," "emotion[al]," "aggressive" criticism of a public official. According to Chief Parish's own deposition testimony, Chief Parish told Barich, "You can't call [the planning commissioner] a liar in a heated emotion rant like you did," because doing so would be a crime under California Penal Code § 415(3). Chief Parish's own declaration, likewise, states that Chief Parish "informed [Barich] that if he called a private citizen [sic] a liar in a heated, aggressive, and emotional rant like he did and when he did, he could be found to have breached the peace in violation of Penal Code § 415(3)." This seems like an obvious violation of Barich's First Amendment rights. Because Barich's verbal exchange with the planning commissioner occurred after the city council meeting was over, cases concerning a city's authority to manage its governmental meetings are not relevant. *Cf. Norse v. City of Santa Cruz*, 629 F.3d 966, 975 (9th Cir. 2010) (en banc); *Kindt v. Santa Monica Rental Control Bd.*, 67 F.3d 266, 270-71 (9th Cir. 1995); *White v. City of Norwalk*,

900 F.2d 1421, 1425 (9th Cir. 1990). Accordingly, the only way Barich's criticism of the planning commissioner would not be protected by the First Amendment is if that criticism constituted "fighting words" – "that there existed a likelihood that the person addressed would make an immediate violent response." *United States v. Poocha*, 259 F.3d 1077, 1080-81 (9th Cir. 2001). "In light of our profound national commitment to the principle that debate on public issues shall be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials, the area of speech unprotected as fighting words is at its narrowest, if indeed it exists at all, with respect to criminal prosecution for speech directed at public officials." *Id.* at 1081. The mere fact that speech is "heated," "emotional," or "aggressive" is not enough to deprive that speech of First Amendment protection – particularly when the speech in question is criticism of a public official.

The defendants are hereby given an opportunity to present further argument, and to identify any other relevant evidence, having now been put on notice that they are in danger of a summary judgment ruling against them. The defendants may present this evidence and argument in the same supplemental filing that the Court previously requested on October 8, 2015 (Dkt. No. 41). The deadline to submit this supplemental filing is extended from Tuesday, October 13 to Wednesday, October 14, at 5 p.m.

**IT IS SO ORDERED.**

Dated: October 9, 2015

_____
VINCE CHHABRIA
United States District Judge

2